**Affirm and Opinion Filed March 20, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01148-CV

**CALEB MOORE, Appellant**
**V.**
**VAN SHAW, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-02528-E**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Kennedy
Opinion by Justice Pedersen, III

Appellee Van Shaw sued appellant Caleb Moore for defamation. Moore filed

a motion to dismiss under the Texas Citizens Participation Act, TEX. CIV. PRAC. &

REM. CODE ANN. §§ 27.001–.011, and the trial judge denied the motion. Moore

timely perfected this interlocutory appeal from that ruling. Concluding that Moore

did not carry his initial burden under section 27.005(b), we affirm.

# BACKGROUND

Shaw and Moore are attorneys. Shaw alleges in his live pleading that Moore defamed Shaw by falsely stating that Shaw refused to give a former client her file and claimed a lien on the file.

Moore filed evidence with his TCPA motion that supported the following facts. On May 13, 2022, Moore received a call from a potential client, Samia Rahman, seeking advice about a pending case. Rahman told Moore that Shaw had previously been her attorney and that she could not get Shaw to release her litigation file to her. Moore concluded that he could not help Rahman because of his current deadlines in other matters. Later that day, Moore posted a message to the Tarrant County Lawyers Facebook Group based on Rahman's statements to him. His post described Rahman's situation and need for counsel, and he offered to pass along any attorney's email he received in response. The post also contained the following sentence: "Van Shaw was her attorney and she fired him and he refuses to give her back her file claiming an [sic] lien on the file." The next day, Moore received a "notice to hold and preserve evidence" via email regarding his Facebook post. That same day, he received a separate email, apparently from Shaw, requesting that Moore both acknowledge that his post was false and apologize to Shaw for the false post.

On May 16, 2022, Shaw sued Moore for defamation. Moore answered and filed a motion to dismiss under the TCPA. Shaw filed a response to the motion, and Moore filed a reply brief.

A visiting judge heard Moore's motion to dismiss and signed an order denying the motion. Moore appealed. *See* CIV. PRAC. & REM. § 51.014(a)(12) (permitting appeal from interlocutory order denying a TCPA motion to dismiss).

## THE TCPA AND STANDARD OF REVIEW

A TCPA motion to dismiss triggers a multi-step analysis. *See* CIV. PRAC. & REM. § 27.005(b)–(d). At step one, the movant bears the initial burden to demonstrate that the nonmovant's legal action is based on or in response to (1) the movant's exercise of the right of free speech, the right to petition, or the right of association, or (2) conduct by the movant fitting one of the categories set forth in section 27.010(b). *See id*. § 27.005(b).

If the movant carries his step-one burden as to a claim, the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of that claim. *See id*. § 27.005(c). If the nonmovant does not carry his burden, the claim must be dismissed. *See id*. § 27.005(b), (c). And even if the nonmovant carries his step-two burden, the movant can still win dismissal at step three by establishing an affirmative defense or other grounds on which he is entitled to judgment as a matter of law. *Id*. § 27.005(d).

In determining whether a legal action is subject to or should be dismissed under the TCPA, a court shall consider the pleadings, evidence the court could consider under the summary-judgment rule, and supporting and opposing affidavits stating the facts on which the liability or defense is based. *Id*. § 27.006(a). We consider these materials in the light most favorable to the nonmovant, and we favor the conclusion that claims are not predicated on protected expression. *Wells v. Crowell*, No. 05-20-01042-CV, 2021 WL 5998002, at *3 (Tex. App.—Dallas Dec. 20, 2021, no pet.) (mem. op.).

We review de novo the trial judge's determination that the parties met or failed to meet their respective burdens under the TCPA. *Garcia v. Semler*, 663 S.W.3d 270, 279 (Tex. App.—Dallas 2022, no pet.).

## ANALYSIS

### Issue Presented

Moore asserts one issue on appeal, urging that the trial judge erred by denying his TCPA motion to dismiss. Within that issue, Moore argues (1) he satisfied his step-one burden to show that the TCPA applies, (2) Shaw did not carry his step-two burden of producing clear and specific evidence of every element of his claim, and (3) Moore carried his step-three burden by proving his attorney-immunity defense.

### TCPA Step One

Moore argues that he satisfied his TCPA step-one burden by demonstrating that Shaw's claim is based on Moore's exercise of the right of free speech. *See* Civ.

–4–

PRAC. & REM. § 27.005(b)(1)(A). Specifically, he relies on the following logic: (1) legal services and manner in which a lawyer provides them are matters of public concern; (2) his statement that forms the basis of Shaw's suit is a statement about Shaw's legal services; so (3) his statement involved a matter of public concern and was thus an exercise of the right of free speech.[1] For the following reasons, we reject Moore's argument.

We begin our analysis with the statute itself. Under the TCPA, a communication is an exercise of the right of free speech if it is "made in connection with a matter of public concern." *Id.* § 27.001(3). The TCPA defines the phrase "matter of public concern," in pertinent part, as follows:

> "Matter of public concern" means a statement or activity regarding:
>
> . . .
>
> (B) a matter of political, social, or other interest to the community; or
>
> (C) a subject of concern to the public.

*Id.* § 27.001(7)(B), (C). The legislature adopted this definition in 2019, thereby replacing a prior definition consisting of several more or less discrete topics that included health or safety, the government, and goods, products, and services in the

---

[1] In his brief, Moore mentions another way that a TCPA movant can satisfy step one: by showing that the legal action is "related to the communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of businesses." CIV. PRAC. & REM. § 27.010(b)(2). But he couches his step-one argument entirely in terms of whether the "matter of public concern" component of the right to free speech is satisfied in this case, so we do not construe his brief to rely on section 27.010(b)(2) as a ground for reversal.

marketplace. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 131 (Tex. 2019) (reciting the prior definition of "matter of public concern").

Notably, private contract disputes affecting only the fortunes of the private parties involved did not qualify as matters of public concern even under the old definition of the phrase. *See id.* at 137; *see also McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 916 (Tex. 2023) (stating that a communication "must have some relevance to a public audience" to satisfy the prior definition of "matter of public concern"). We have concluded that the 2019 amendments narrowed the meaning of "matter of public concern." *Beard v. McGregor Bancshares, Inc.*, No. 05-21-00478-CV, 2022 WL 1076176, at *5 (Tex. App.—Dallas Apr. 11, 2022, pet. denied) (mem. op.). Moreover, under the new definition of that phrase, a communication must have more than a tangential relationship to the public concern that it implicates. *Id.*; *see also McLane Champions*, 671 S.W.3d at 916 n.9 (noting that *Creative Oil* "cabined" a prior statement that a tangential relationship to a public concern suffices).

Next, we apply these principles to the communication in question. In Shaw's live pleading and his response to Moore's TCPA motion, Shaw specifically identified only one statement by Moore as the basis of his defamation claim: "[Shaw] refuses to give [Rahman] back her file claiming an [sic] lien on the file." On its face, this statement describes only a private dispute between private parties, with no obvious ramifications for the community or the public. We do not see how Shaw

–6–

and Rahman's dispute constitutes either a matter of political, social, or other interest to the community, or a subject of concern to the public. *See* CIV. PRAC. & REM. § 27.001(7)(B), (C). Indeed, this case seems to fit neatly within the mainstream of our recent precedents holding that various statements about essentially private disputes or business matters did not concern a matter of public interest:

- A statement that certain people had been involved in a business dispute did not involve a matter of public concern; there was no indication that the matter was of interest to anyone except people who already had relationship with one of the disputants. *Fuller v. Hausz*, No. 05-22-00893-CV, 2023 WL 5123459, at *5 (Tex. App.—Dallas Aug. 10, 2023, no pet.) (mem. op.).

- Accusations of insurance fraud and "pulling a stunt" concerned only a private dispute over the sale of a house and affected only the fortunes of the private parties involved. *Wells*, 2021 WL 5998002, at *7.

- Communications about a bank's poor business practices did not involve a matter of public concern, in part because those practices potentially affected, at most, the bank's investors, customers, and vendors. *Beard*, 2022 WL 1076176, at *10–11

- Communications accusing a former employee of stealing confidential information did not involve a matter of public concern because the accusations were non-specific and of interest only to the parties involved. *Ojala Partners, LP v. Driesse*, No. 05-22-00009-CV, 2023 WL 1878881, at *3 (Tex. App.—Dallas Feb. 10, 2023, no pet.) (mem. op.).

These precedents support a conclusion that Moore's statement in this case, which simply described a private dispute between a lawyer and a former client, did not involve a matter of public concern.

Nevertheless, Moore argues that his statement involved a matter of public concern because it was about legal services and the manner in which Shaw provided them. According to Moore, legal services are inherently matters of public concern. He relies on three cases to support this proposition: *Avila v. Larrea*, 394 S.W.3d 646 (Tex. App.—Dallas 2012, pet. denied); *DeAngelis v. Protective Parents Coalition*, 556 S.W.3d 836 (Tex. App.—Fort Worth 2018, no pet.); and *Deaver v. Desai*, 483 S.W.3d 668 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Moore's argument is not persuasive. *Avila*, *DeAngelis*, and *Deaver* were all decided under the version of the TCPA applicable to cases filed before September 1, 2019. That version of the statute—specifically now-repealed section 27.001(7)(E)—expressly provided that services in the marketplace were matters of public concern. *See Creative Oil*, 591 S.W.3d at 131 (quoting prior version of TCPA). Thus, it is unsurprising that these three cases concluded that legal services were matters of public concern. Indeed, *Avila* and *Deaver* specifically relied on former section 27.001(7)(E) in reaching their conclusions. *See Avila*, 394 S.W.3d at 655, 657 n.4; *Deaver*, 483 S.W.3d at 673. *DeAngelis*, in turn, relied on *Avila* and *Deaver* for the premise that communications about legal services involve a matter of public concern. *DeAngelis*, 556 S.W.3d at 852. Because the TCPA no longer defines "matter of public concern" to include services in the marketplace, these cases are neither controlling nor persuasive.

Moreover, all three of Moore's cases predate the Texas Supreme Court's decision in *Creative Oil*, which held that not every communication about goods and services in the marketplace rises to the level of a matter of public concern. *See* 591 S.W.3d at 134–37. "A private contract dispute affecting only the fortunes of the private parties involved is simply not a 'matter of public concern' under any tenable understanding of those words." *Id*. at 137. We doubt that a dispute between a lawyer and a former client over whether the lawyer possesses a lien on the client's file would have constituted a matter of public concern under *Creative Oil*'s interpretation of former section 27.001(7)(E). And the applicable definition of "matter of public concern" is narrower than the old one. *Beard*, 2022 WL 1076176, at \*5. For this reason as well, the three cases relied on by Moore are not persuasive.

In sum, we reject Moore's contention that legal services and the manner in which they are rendered are always a matter of public concern under the current definition of that phrase. And, as we discussed above, nothing in this record suggests that the particular dispute between Rahman and Shaw that Moore described in the key sentence of his Facebook post was a matter of concern or interest to anyone but them. Accordingly, we conclude that Moore's statement in question did not involve a matter of public concern.

Finally, we also reject Moore's argument for a second, independent reason: we disagree with his minor premise that the statement in question actually concerns Shaw's legal services or the manner in which he performed them. Read in the light

most favorable to Shaw, Moore's statement concerns only Shaw's alleged withholding of, and assertion of a lien on, a former client's file—not Shaw's legal services per se. Thus, construing the record in Shaw's favor and preferring a conclusion that his claims are not based on protected expression, *see Wells*, 2021 WL 5998002, at *3, we conclude that Moore's statement actually concerns only Shaw's post-representation business dealings with a former client, and not his rendition of legal services. For this reason as well, Moore's argument fails.

## Conclusion

We conclude that Moore's statement that Shaw refused to give Rahman her file and claimed a lien on that file did not involve a matter of public concern under the TCPA. Accordingly, Moore did not carry his step-one burden to demonstrate that Shaw's claim is based on or in response to Moore's exercise of the right of free speech. *See* CIV. PRAC. & REM. §§ 27.001(3), 27.005(b). We therefore overrule Moore's sole issue on appeal.

## DISPOSITION

We affirm the trial court's order denying Moore's TCPA motion to dismiss.


221148f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CALEB MOORE, Appellant

No. 05-22-01148-CV      V.

VAN SHAW, Appellee

On Appeal from the County Court at Law No. 5, Dallas County, Texas Trial Court Cause No. CC-22-02528-E.

Opinion delivered by Justice Pedersen, III. Justices Garcia and Kennedy participating.

In accordance with this Court's opinion of this date, the trial court's October 6, 2022 Order Denying Defendant Caleb Moore's Motion to Dismiss Under the Texas Citizens Participation Act is **AFFIRMED**.

It is **ORDERED** that appellee Van Shaw recover his costs of this appeal from appellant Caleb Moore.

Judgment entered this 20th day of March, 2024.